FILED

2018 JAN -4 PM 12: 37

United States District Court
Middle District of Florida (Jacksonville)

Akeem Muhammad,           Case No. 3:16-CV-1436-TJC-PDB
    Plaintiff,

v.

JULIE JONES, individually and officially as Secretary
            for the Fla. Dept. of Corrections;
THOMAS REIMERS, individually and officially as Director
            of Health Services for the Fla. Dept. of Corr.;
OLUGBENGA OGUNSANWO, individually as former
            Director of Medical and Mental Health
            Services for the Fla. Dept. of Corr.,
    Defendants.

## SECOND AMENDED COMPLAINT
(Demanding Injunctive Relief And A Jury Trial)

I). Jurisdiction:

1). Plaintiff's 8th Amendment claims are brought under 42 U.S.C. § 1983.

2). This court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and § 1343 (a) (3) (4).

1. of 14.

II). <u>Parties</u>:

3). Plaintiff: Akeem Muhammad #706732, Florida State Prison, P.O. Box 800, Raiford, FL 32083.

4). Defendant: Julie Jones, Secretary, Fla. Dept. of Corr. (FDC).

5). Defendant: Thomas Reimers, Director of Health Services for FDC.

6). Defendant: Olugbenga Ogunsanwo, former Director of Medical and Mental Health Services for FDC.

III). <u>Statement of Claims</u>:

7). The following acts or omissions by Julie Jones, Thomas Reimers, and Olugbenga Ogunsanwo constitute deliberate indifference to Plaintiff's serious psychiatric need to be evaluated for paraphilic disorder by a qualified psychologist or psychiatrist, to be diagnosed with paraphilic disorder, and to be provided with psychiatrically recognized, accepted and necessary treatment or antiandrogen therapy for his untreated paraphilic disorder, -- constitute deliberate indifference to the serious harm suffered by Plaintiff as a result of the lack of treatment for his untreated paraphilic disorder (viz. perpetual and great mental distress, constant testicular pain, and exacerbation of pre-existing mental condition), -- and constitute deliberate indifference to the substantial risk of additional serious harm to Plaintiff posed by the lack of treatment for his untreated paraphilic disorder (viz. premature death,

loss of a testicle, additional serious medical complications, and becoming incapable of normal intellectual activity) in violation of the Eighth Amendment to the U.S. Constitution:

(i). Ogunsanwo and Reimers' adoption and enforcement of a statewide blanket ban on hormone therapy for psychiatric disorders (as applied to Plaintiff with paraphilic disorder);

(ii). Jones' approval of Ogunsanwo and Reimers' statewide blanket ban on hormone therapy for psychiatric disorders (as applied to Plaintiff with paraphilic disorder), and Jones' refusal to abolish that statewide blanket ban (as applied to Plaintiff with paraphilic disorder); and

(iii). Reimers and Jones' intentional refusal to have Plaintiff evaluated for paraphilic disorder by a qualified psychologist or psychiatrist, to authorize that psychologist or psychiatrist to diagnose Plaintiff with paraphilic disorder if it is clinically determined that Plaintiff meets the criteria for that diagnosis, and to authorize the provision of psychiatrically recognized, accepted and necessary treatment or antiandrogen therapy for Plaintiff's untreated paraphilic disorder if it is clinically determined that Plaintiff meets the criteria to be diagnosed with paraphilic disorder and that Plaintiff's paraphilic disorder requires that treatment.

8). Plaintiff's claims for injunctive relief are against Jones only, and are against Jones in her official capacity only.

9). Plaintiff's claims for declaratory relief are against Reimers only, and are against Reimers in his official capacity only.

3.

10). Plaintiff's claims for money damages are against Jones, Reimers, and Ogunsanwo in their individual capacity only.

## IV). Statement of Facts:[1]

### A). Plaintiff Suffers From Paraphilic Disorder.

11). Plaintiff Akeem Muhammad is a male inmate in the Fla. Dept. of Corr. (FDC). Plaintiff was committed to FDC on 1-28-97. From 10-16-13 to at least 11-14-16, Plaintiff was housed at Union Correctional Institution (UCI).

12). Many female prison staff work with and around all male inmates, and their presence around Plaintiff greatly incites his sexual passion.

13). In 2013, Plaintiff developed paraphilia and a psychiatrically recognized, diagnosable, and treatable severe psychiatric disorder known as paraphilic disorder. Plaintiff has suffered from untreated paraphilic disorder since 2013.

14). Plaintiff's paraphilia consists of:

(i). daily involuntary thoughts and visions of, and urges to, rape and sexually assault female prison staff;

(ii). daily intense sexual arousal and discharges of pre-ejaculatory fluid from the involuntary thoughts and visions of, and urges to, rape and sexually assault female prison staff; &

---

[1]. All claims and allegations herein conform to newly discovered facts and the evidence, and are based on events as of 11-14-16 (the initial filing date).

4.

(iii). compulsive and excessive masterbation to the involuntary thoughts and visions of, and urges to, rape and sexually assault female prison staff.

15). Plaintiff's paraphilia exacerbates Plaintiff's pre-existing mental condition and causes Plaintiff to suffer from:

(i). perpetual and great mental distress, including severe depression, severe anxiety, severe misery, severe irritation, severe frustration, severe agitation, severe anger, severe hatred, and a great desire to be dead;

(ii). constant testicular pain with the pain frequently radiating to other parts of the body; and

(iii). constant thoughts, desires and urges to cut off his testicle (to self-cure his paraphilic disorder) and to commit indirect suicide (viz. murder an inmate to get executed by the State for the murder) in order to escape his paraphilic disorder.

16). Plaintiff's paraphilia and resulting suffering together constitute Plaintiff's paraphilic disorder.

17). Plaintiff's untreated paraphilic disorder poses a substantial risk of the following serious harm to Plaintiff:

(i). premature death from suicide or indirect suicide;

(ii). loss of a testicle from self-mutilation;

(iii). additional serious medical complications from excessive intense sexual arousal and from compulsive and excessive masterbation; and

(iv). becoming incapable of normal intellectual activity

5.

as a result of long term, perpetual and great mental distress.

### B). Plaintiff's Paraphilic Disorder Constitutes A Serious Psychiatric Need.

18). According to contemporary and accepted psychological and psychiatric standards nationwide:

(i). Paraphilia is a psychiatrically recognized, diagnosable and treatable psychiatric disorder characterized by atypical sexual interests, fantasies and behaviors that are subjectively distressing to patients or pose a risk of harm to others;

(ii). Paraphilia is defined as "any intense and persistent sexual interest other than sexual interest in genital stimulation or preparatory fondling with phenotypically normal, physically mature, consenting human partners;"

(iii). A paraphilic disorder is defined as "a paraphilia that is currently causing distress or impairment to the individual, or a paraphilia whose satisfaction has entailed personal harm or risk of harm to others";

(iv). The diagnostic criteria for a paraphilic disorder is that the individual must have "recurrent and intense sexual arousal" from "fantasies, urges, or behaviors" related to the atypical sexual activity. Engaging in a paraphilic behavior is not required in order for a diagnosis of a paraphilic disorder;

6.

(v). Not all mental health professionals are able or qualified to evaluate patients for paraphilic disorder or diagnose patients with paraphilic disorder. The only mental health professionals who are able and qualified to evaluate patients for paraphilic disorder and diagnose patients with paraphilic disorder are psychologists and psychiatrists who have been specially trained, educated and qualified to evaluate patients for paraphilic disorder and gender identity disorder (GID);

(vi). Hormone therapy in the form of antiandrogen agents is generally the only psychiatrically recognized, accepted, necessary, and effective treatment for paraphilic disorder. The initial form of antiandrogen therapy for paraphilic disorder does not act as a chemical castration, but simply reduces the intensity and frequency of sexual urges and cravings.

c). <u>Defendants' Deliberate Indifference.</u>

19). Since January 2015, Jones has been the Secretary for FDC. Jones is responsible for the management and supervision of FDC and has overriding authority for all that takes place in FDC.

20). From at least 2013 to around 2016 (but before 9-21-16), Ogunsanwo was the Director of Medical and Health Services for FDC. In around 2016 (but before 9-21-16), Reimers succeeded Ogunsanwo in that capacity, however, FDC changed

7.

the name of that capacity to "Director of Health Services". Reimers remains in that capacity. In that capacity, Ogunsanwo was and Reimers is responsible for the management and supervision of all medical and mental health services statewide; for insuring that all inmates statewide are provided medically and psychiatrically recognized, accepted, necessary and effective medical and psychiatric treatment for all medically and psychiatrically recognized, diagnosable and treatable serious medical and psychiatric needs; and for administering FDC's Health Services statewide.

21). Prior to 2013, Ogunsanwo adopted a statewide blanket ban on hormone therapy for psychiatric disorders. ("the ban" hereinafter). The ban makes an exception for hormone therapy for psychiatric disorders when it is required by a court order pursuant to Fla. Statute 794.0235. Ogunsanwo enforced the ban from at least 2013 to around 2016 (but before 9-21-16).

22). From at least 2013 to around November 2015, Michael Crews, acting as Secretary for FDC, approved and refused to abolish the ban.

23). From January 2016 to at least 11-14-16, Jones approved and refused to abolish the ban.

24). In 2016 before 9-21-16, Reimers adopted the ban. As of 11-14-16, Reimers enforced the ban.

25). Ogunsanwo, Crews, Jones, and Reimers were aware that enforcing the ban results in deliberate indifference to the serious psychiatric needs of inmates who need hormone therapy for paraphilic disorder and GID.

26). Prison mental health staff statewide will not diagnose an inmate with Paraphilic disorder, document a diagnosis of Paraphilic disorder in an inmate's prison mental health records, or even evaluate an inmate for Paraphilic disorder even if it is clinically determined that the inmate meets the criteria to be diagnosed with Paraphilic disorder because they will be unable to provide the inmate with the antiandrogen therapy that is clinically determined to be psychiatrically necessary for the inmate's Paraphilic disorder.

27). The ban effectively prevents prison mental health staff statewide from evaluating inmates for Paraphilic disorder, from diagnosing inmates with Paraphilic disorder, from documenting a diagnosis of Paraphilic disorder in an inmate's mental health records, and from providing inmates with psychiatrically necessary, accepted and recognized treatment for their Paraphilic disorder.

28). The ban effectively deters prison health staff statewide from hiring psychologists and psychiatrists who are specially qualified to evaluate patients for Paraphilic disorder and to diagnose patients with Paraphilic disorder.

29). Because of the ban, since at least 2013, there have been minimal prison psychologists and/or psychiatrists statewide who are specially qualified to evaluate patients for Paraphilic disorder and diagnose patients with Paraphilic disorder; and none of them have been employed at UCI since at least 2013.

30). Because of the ban, as of 11-14-16, prison men-

9.

tal health staff statewide did not have a general treatment plan for paraphilic disorder.

31). From 2014 to at least 11-14-16, Plaintiff repeatedly reported his untreated paraphilic disorder to UCI medical and mental health staff. Plaintiff repeatedly requested those staff to evaluate him for paraphilic disorder, to diagnose him with paraphilic disorder, and to provide him with psychiatrically recognized, accepted and necessary treatment or antiandrogen therapy for his untreated paraphilic disorder.

32). From 2014 to at least 11-14-16, UCI medical and mental health staff clinically determined that Plaintiff had and continued to have a serious psychiatric need to be evaluated for paraphilic disorder by a specially qualified psychologist or psychiatrist, to be diagnosed with paraphilic disorder, and to be provided with psychiatrically recognized, accepted, and necessary treatment or antiandrogen therapy for his untreated paraphilic disorder.

33). From 2014 to at least 11-14-16, the ban prevented or effectively prevented UCI medical and mental health staff from having Plaintiff evaluated for paraphilic disorder by a specially qualified psychologist or psychiatrist, from having Plaintiff diagnosed with paraphilic disorder, and from providing Plaintiff with psychiatrically recognized, accepted and necessary treatment for his untreated paraphilic disorder.

34). Because of the ban, from 2014 to at least 11-14-16,

UCI medical and mental health staff summarily denied Plaintiff's requests to be evaluated for paraphilic disorder, to be diagnosed with paraphilic disorder, and to be provided with psychiatrically recognized, accepted and necessary treatment or antiandrogen therapy for his untreated paraphilic disorder.

35). On or around 9-21-16, Reimers personally reviewed Plaintiff's medical and mental health records related to Plaintiff's paraphilic disorder; personally reviewed Plaintiff's detailed descriptions of his paraphilic disorder; and personally considered Plaintiff's detailed requests for mental health staff to evaluate him for paraphilic disorder, to diagnose him with paraphilic disorder, and to provide him with psychiatrically recognized, accepted and necessary treatment or antiandrogen therapy for his untreated paraphilic disorder. However, Reimers denied those requests on or around 9-21-16. And T. Bowden approved those denials on behalf of Jones on or around 9-21-16.

36). Reimers and Jones have knowledge of Plaintiff's serious psychiatric need for psychiatric care for his untreated paraphilic disorder, nevertheless, they intentionally refuse to: (i). provide that care; (ii). have Plaintiff evaluated for paraphilic disorder by a specially qualified psychologist or psychiatrist; (iii). authorize that psychologist or psychiatrist to diagnose Plaintiff with paraphilic disorder if it is clinically determined that Plaintiff meets the criteria for that diagnosis; and (iv) authorize

11.

the provision of psychiatrically recognized, accepted and necessary treatment or antiandrogen therapy for Plaintiff's untreated paraphilic disorder if it is clinically determined that Plaintiff meets the criteria to be diagnosed with paraphilic disorder and that Plaintiff's paraphilic disorder requires that treatment.

37). The following acts or omissions by Jones, Osunsanwo, and Reimers constitute deliberate indifference to Plaintiff's serious psychiatric need to be evaluated for paraphilic disorder, diagnosed with paraphilic disorder, and provided with psychiatrically recognized, accepted and necessary treatment or antiandrogen therapy for his untreated paraphilic disorder, -- constitute deliberate indifference to the serious harm suffered by Plaintiff from the lack of treatment for his untreated paraphilic disorder (viz. perpetual and great mental distress, constant testicular pain, and exacerbation of pre-existing mental condition), -- and constitute deliberate indifference to the substantial risk of additional serious harm to Plaintiff posed by the lack of treatment for his untreated paraphilic disorder (viz. premature death, loss of a testicle, additional serious medical complications, and becoming incapable of normal intellectual acticity):

(i). Osunsanwo and Reimers' adoption and enforcement of the ban (as applied to Plaintiff with paraphilic disorder);

(ii). Jones' approval of the ban (as applied to Plaintiff with paraphilic disorder) and refusal to abolish the ban (as applied to Plaintiff with paraphilic disorder); and

(iii). Reimers and Jones' intentional refusal to have

12.

Plaintiff evaluated for paraphilic disorder by a qualified psychologist or psychiatris, to authorize that psychologist or psychiatrist to diagnose Plaintiff with paraphilic disorder if it is clinically determined that Plaintiff meets the criteria for that diagnosis, and to authorize the provision of psychiatrically recognized, accepted and necessary treatment or antiandrogen therapy for Plaintiff's untreated paraphilic disorder if it is clinically determined that Plaintiff meets the criteria to be diagnosed with paraphilic disorder and that Plaintiff's paraphilic disorder requires that treatment.

## V). Requested Relief:

Wherefore, Plaintiff respectfully requests:

A). A permanent injunction against Jones as deemed fit by the court.

B). A declaratory judgment against Reimers as deemed fit by the court.

C). An award of punitive damages and compensatory damages (or in the alternative, nominal damages) individually against Jones, Ogunsanwo and Reimers in their individual capacity.

D). An award of costs and (if applicable) attorney fees.

E). Any other relief that Plaintiff may be entitled to.

**VI). Jury Demand:**

Plaintiff demands a Jury trial on all issues so triable.

I, Akeem Muhammad, declare under penalty of perjury that the foregoing statements in this second amended complaint are true and correct.

Signed this 26th day of December, 2017.

_____
Akeem Muhammad

Respectfully Submitted,

_____
Akeem Muhammad #706732
Florida State Prison
P.O. Box 800
Raiford, FL 32083

**Certificate of Service**

I hereby certify that on 1-2-18, a true copy of the foregoing was mailed via prison officials to Erik Kverne, AAG, The Capitol PL-01, Tallahassee, FL 32399.

_____
Akeem Muhammad

14.